IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COMPAÑÍA FRANCO-PANAMEÑA DE INVERSIONES S.A.,<br><br>Plaintiff<br><br>v.<br><br>JULIA NIEVES NOGUERAS, JOHN DOE, AND THE CONJUGAL PARTNERSHIP CONSTITUTED AMONG THEMSELVES; INSURANCE COMPANIES A & B; JOHN AND JACK DOE,<br><br>Defendants | CIVIL 03-2280 (SEC) |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN RELATION TO DEFAULT JUDGMENT AGAINST DEFENDANTS JULIA NIEVES NOGUERAS, JOHN DOE, AND THE CONJUGAL PARTNERSHIP CONSTITUTED AMONG THEMSELVES; INSURANCE COMPANIES A & B; JOHN AND JACK DOE

On December 1, 2003, plaintiff filed this action against Julia Nieves Nogueras, her spouse John Doe and the conjugal partnership between them, insurance companies A & B, and John and Jack Doe seeking an order from this court that the real property possessed by the defendants be returned to the possession of plaintiff and that it be awarded damages. On March 10, 2005, plaintiff filed a motion requesting judgment by default. The matter was referred to me for the setting of a hearing on damages. Such an evidentiary hearing was held on April 29, 2005, and the testimony of Darío Sarmiento del Castillo was heard in relation to the issue of damages. Mr. Sarmiento del Castillo has been plaintiff's agent in Puerto Rico since 1980.

CIVIL 03-2280 (SEC)                              2

The plaintiff has established through competent evidence, especially the testimony of Darío Sarmiento del Castillo, that actual damages are appropriate as a result of defendants' illegal appropriation of plaintiff's real property. In view of the above, it is recommended that the court enter the following findings of fact, conclusions of law and judgment

## FINDINGS OF FACT

1. Plaintiff Compañía Franco-Panameña de Inversiones S.A. is a citizen of the Republic of Panamá.

2. Julia Nieves Nogueras, her husband John Doe, and the conjugal partnership constituted among themselves, and fictitious co-defendants are citizens of Puerto Rico.

3. Plaintiff is the owner of a parcel of real property located at Barrio Lomas, Loíza, Puerto Rico, which is recorded in the Registry of Puerto Rico at folio 160, volume 19 of the Municipality of Canóvanas, property number 744. Within that property is the parcel involved in this action, referred to as lot #27.

4. The property is encumbered with mortgages. The mortgage liability of said property exceeds $800,000. The value of lot #27 is about $200,000.

5. Defendants have illegal possession of lot #27 upon which a residential unit and structures were built without plaintiff's consent or authorization.

CIVIL 03-2280 (SEC)                                  3

6. There is no contract between the parties for the rental, possession, purchase or sale of the property. Co-defendants are aware that their possession of lot #27 is illegal. The whereabouts of the co-defendants are unknown.

7. The rental value of the property known as lot #27 is $800 to $1,200 a month.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the subject matter of this action under Title 28, United States Code, section 1332(a)(1), since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. Plaintiff is entitled to have immediate possession of lot #27.

3. Plaintiff is entitled to have a determination made that all defendants are possessors in bad faith, and therefore to have the court order the demolition of the structures erected on lot #27, and to have the lot replaced to its former condition.

4. Plaintiff is entitled to recover reasonable rental from all co-defendants for the time they have unduly possessed lot #27. Reasonable rental that should be recovered would be $10,000 per year for at least seven years all defendants have possessed lot #27, for a total of $70,000, plus future

CIVIL 03-2280 (SEC)                                    4

rental at the same rate until such time as defendants make plaintiff whole by returning the property in its original state.

5. In the alternative, plaintiff is entitled to the right of accession.

6. Plaintiff is entitled to a global amount in the amount of $100,000 for all payments, in any concept, that have been made or will be made towards mortgage payment liability that rests upon lot #27.

7. Co-defendants have been obstinate in unnecessarily prolonging this litigation. Therefore an award of costs and attorney's fees is appropriate.

8. The default entered by the United States District Court of Puerto Rico against the defendants Julia Nieves Noguera, her spouse, and the conjugal partnership between them, John and Jack Doe and Insurance companies A & B is reaffirmed and plaintiff will recover the amount of $170,000, as detailed above, together with interest thereon from the dates below which are prior to the order of default judgment, for which let execution issue. Plaintiff is entitled to repossess lot #27 in its original condition and to have the structures contained on lot #27 demolished by defendants. Plaintiff is also entitled to an award of costs and attorney's fees.

In view of the above, it is recommended that the court enter the following:

## JUDGMENT

JUDGMENT is hereby entered in favor of COMPAÑÍA FRANCO-PANAMEÑA DE INVERSIONES S.A. against defendants JULIA NIEVES NOGUERAS, JOHN DOE,

CIVIL 03-2280 (SEC)                    5

AND THE CONJUGAL PARTNERSHIP CONSTITUTED AMONG THEMSELVES; INSURANCE COMPANIES A & B; JOHN AND JACK DOE in the amount of ONE HUNDRED AND SEVENTY THOUSAND DOLLARS ($170,000), as detailed above, together with interest thereon.  Interest will accrue on the amount of $100,000 from the date of filing of the complaint, and on the remaining $70,000, due to lost rental income, from the dates due per year, based on a yearly rental of $10,000.  Plaintiff is entitled to repossess lot #27 in its original condition and to have the structures contained on lot #27 demolished by defendants and at their expense.  In the alternative, plaintiff is entitled to the right of accession.  Plaintiff is also entitled to an award of costs and attorney's fees, due to obstinacy.

Because defendants are defaulted, the court is invited to adopt this report and recommendation as unopposed and enter judgment accordingly.

In San Juan, Puerto Rico, this 13th day of May, 2005.

                                        S/ JUSTO ARENAS
                                        Chief United States Magistrate Judge